# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**CASE NO. 24-CR-00096-GPG-JMC**

**UNITED STATES OF AMERICA,**
**Plaintiff,**

v.

**1. ZANE MAHER-YOUNG,**
**Defendant.**

---

### ORDER GRANTING ZANE MAHER-YOUNG'S FOURTH UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM SPEEDY TRIAL CALCULATION AND CONTINUE ALL RELATED DEADLIINES [DOC 42]

---

This matter is before the Court on the Defendant's Unopposed Motion for Exclusion of 90 Days from the Speedy Trial Act (ECF NO. 42). The Defendant's Motion requests a 90 day ends of justice continuance of the deadlines as set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and for a continuance of the trial date and deadline to file motions. For the following reasons, the motion is GRANTED.

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill* 197 F.3d 436, 440 (10th Cir 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo,* 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* U.S.C. §3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge. . .on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Hill,* 197 F.3d at 440-441 (quoting 18 U.S.C. §3161(h)(7)(A).

> The Speedy Trial Act provides, in pertinent part:
> The following periods of delay shall be excluded. . .in computing the time within which the trial of any such offense must commence:

Case No. 1:24-cr-00096-GPG-JMC   Document 44   filed 03/18/25   USDC Colorado
pg 2 of 4

. . .

>   (7)(A) Any period of delay resulting from a continuance granted by any judge. . .at the request of the defendant or his counsel or the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill,* 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

>   (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
>   (ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
>   (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
>   (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv)

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Hill,* 197 F.3d at 441; 18 U.S.C. § 3161(h)(7)(A). Although

the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill,* 197 F.3d at 441 (quoting *United States v. Dorian,* 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran,* 882 F.2d at 1516). The Court has discharged these duties.

Defendant's motion is unopposed, and therefore, the averments of fact in the Motion have been confessed by the Government. Thus, those foundational and predicate facts are deemed established, and the Court need not reiterate each of them here.

The Defendant's motion describes the various factors that he believes necessitate the exclusion of an additional 90 days in this case, and the Court adopts and incorporates those facts herein. Counsel for the Defendant has been working diligently to become familiar with Defendant's case, including reviewing discovery materials.

The Court has relied on the professional experience and judgment of counsel in fashioning a reasonable pretrial scheduling order. Additionally, the Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States,* 559 U.S. 196 (2010); *United States v. Larson,* 627 F.3d 1198 (10th Cir. 2010); *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams,* 511 F.3d 1044 (10th Cir. 2007).

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

**Accordingly, the Court FINDS that:**

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 1361(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i); and

(2) Even considering due diligence, failure to grant the motion would deny counsel for the Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) The Defendant's unopposed motion to exclude an additional 90 days from the requirements of the Speedy Trial Act [ECF No. 42) is GRANTED;No Further Continuances will be granted without extraordinary circumstances.

(2) All days from May 9, 2025, to and including August 7, 2025 shall be excluded from the Speedy Trial clock;

(3) The telephone status conference with Judge Gordon Gallagher on March 19, 2025 at 11:45 am and any pretrial motions and response deadlines previously set by the Court are hereby **VACATED**; and

(4) The parties are to contact Judge Gallagher's chambers within five (5) days of the date of this Order to reset relevant dates.

Dated this 18th day of March, 2025.

BY THE COURT:

James M. Candelaria
United States Magistrate Judge